UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Richard R. Wescott

    v.                              Case No. 21-cv-853-PB

Dr. Wendy Martin, Chief of
   Psychiatric Services,
   Secure Psychiatric Unit,
   New Hampshire State Prison

**REPORT AND RECOMMENDATION**

    Plaintiff, Richard Wescott, has filed a complaint (Doc. No. 1) pursuant to 42 U.S.C. § 1983, alleging that he has been denied adequate care for his mental illnesses during the twenty-three years he has been incarcerated at the New Hampshire State Prison ("NHSP"), in violation of the Eighth Amendment, and that the defendant, Dr. Wendy Martin, the Chief of Psychiatric Services at the NHSP's Secure Psychiatric Unit ("SPU"), intends to retaliate against him for litigating this action by removing him from the SPU, in violation of the First Amendment. The complaint is before the Court for preliminary review pursuant to 28 U.S.C. § 1915A(a) and LR 4.3(c)(1).

    In his complaint, Mr. Wescott seeks a preliminary injunction preventing Dr. Martin from transferring him out of the SPU. The District Judge has referred the request for a preliminary injunction to the undersigned Magistrate Judge for a

Report and Recommendation ("R&R") as to disposition.  See Oct. 26, 2021 Order.

### Background

Mr. Wescott asserts that he has significant mental illnesses, including Post-Traumatic Stress Disorder ("PTSD") and Major Depressive Disorder, which have arisen from his military service and other traumatic events and experiences in his life. Mr. Wescott claims that he has not been adequately treated for his mental illnesses, particularly his PTSD, in the twenty-three years he has been incarcerated at the NHSP.  Mr. Wescott asserts that he has made two unsuccessful suicide attempts in the last year, on December 25, 2020 and July 17, 2021, and that if he were to be transferred out of the SPU, it is likely he would again attempt suicide.

Recently, Mr. Wescott began to collect information, including "a good portion of his mental health records for the past 2 years," Doc. No. 1, at 2, which he intends to utilize to prosecute the Eighth Amendment claim asserted in this lawsuit. Mr. Wescott asserts that the psychiatric staff at the SPU is aware that he is preparing to bring this action.  Mr. Wescott states that, just before filing this action, a SPU staff member told him that Dr. Martin had been overheard "talking about getting the plaintiff out of SPU, saying that if he is well

enough to litigate he does not need to be [in SPU]." Id. at 2-3.  Mr. Wescott believes that if Dr. Martin attempts to move him out of the SPU, her actions would be made in retaliation for his intent to bring suit concerning his mental health care at the prison.

Mr. Wescott says that his direct provider at the SPU is Dr. Knight.  Mr. Wescott states that Dr. Knight has attempted to assure him that he will not be moved out of the SPU, and Mr. Wescott believes that Dr. Knight does not intend to move him out of the SPU.  Mr. Wescott is concerned, however, based on Dr. Martin's statement, that she will exercise her authority to change his provider in order to have Mr. Wescott removed from the SPU.  Mr. Wescott is afraid that if he is removed from the SPU, he will take his own life, and will also pose a risk to others, as the inadequacy of his treatment has left him emotionally unable to handle being housed in general population.

## Preliminary Review

I.  Standard

The court conducts a preliminary review of prisoner complaints seeking relief from government agents.  See 28 U.S.C. § 1915A(a); LR 4.3(d)(1).  In considering whether a prisoner's complaint states a claim, the court construes the pleading liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per

curiam). The court then determines whether, stripped of legal conclusions, and with all reasonable inferences construed in plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The court may dismiss claims, sua sponte, if the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b); LR 4.3(d)(1)(A).

II. Exhaustion

Prisoners may not bring lawsuits against prison officials until they have fully exhausted all of the administrative remedies available to them at the prison. See 42 U.S.C. § 1997(e). That exhaustion requirement is an affirmative defense, which, in general, means that the defendants bear the burden to prove that a prisoner has failed to fully exhaust his available administrative remedies prior to bringing a lawsuit. See Jones v. Bock, 549 U.S. 199, 214-215 (2007). However, "'when a prisoner states in his pleadings that he has not exhausted his administrative remedies, a dismissal sua sponte for failure to exhaust is appropriate.'" Negron-Cruz v. Almodovar, No. CV 19-2126 (PG), 2020 WL 762217, at *2, 2020 U.S. Dist. LEXIS 26493, at *5 (D.P.R. Feb. 14, 2020) (citation

4

omitted); see also Lax v. Corizon Med. Staff, 766 F. App'x 626, 628 (10th Cir. 2019) (district court may sua sponte dismiss a prisoner complaint for failure to exhaust administrative remedies in the rare case where the complaint, on its face, demonstrates plaintiff's failure to exhaust); Custis v. Davis, 851 F.3d 358, 361 (4th Cir. 2017) ("court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies."). Cf. Gray v. Evercore Restructuring L.L.C., 544 F.3d 320, 324 (1st Cir. 2008) (dismissing action on basis of affirmative defense asserted under Fed. R. Civ. P. 12(b)(6) is permissible if facts alleged in complaint, or matters susceptible of judicial notice, conclusively establish elements of affirmative defense).

The New Hampshire Department of Corrections ("DOC") employs a three-step administrative remedy procedure. See Stow v. McGrath, No. 17-cv-088-LM, 2021 U.S. Dist. LEXIS 59384, at *26-*27, 2021 WL 1178303, at *9 (D.N.H. Mar. 29, 2021), appeal filed, No. 21-1400 (1st Cir. May 24, 2021). That procedure includes: a first level written request made to the lowest-ranking DOC staff member with the authority to address the request, a second level grievance to the warden of the facility where the grievant is incarcerated, and a third level grievance to the DOC Commissioner. See id.

Here, Mr. Wescott states that, as to his inadequate psychiatric care claims, he has filed "nearly a dozen requst [sic] slips that have gone unanswered, and has now begun the second stage, the grievance process." Compl. (Doc. No. 1), at 2. Mr. Wescott's own allegations, therefore, show that at the time he filed this action, he had not yet completed the DOC's three-step administrative remedy process as to those claims. Further, Mr. Wescott's indication that he is currently engaged in the exhaustion process indicates that the DOC's administrative remedy procedures are available to him. Finally, Mr. Wescott states that his retaliation claim is based on a statement made to him "moments" before he wrote the complaint in this action, which makes it unlikely that he was able to begin, and nearly impossible that he was able to complete, the DOC's administrative remedy procedures as to that claim prior to bringing this lawsuit.

The face of Mr. Wescott's complaint demonstrates conclusively that he has failed to complete the administrative remedy process available to him at the prison. Accordingly, the District Judge should dismiss the complaint, in its entirety, without prejudice to Mr. Wescott's ability to bring this suit after he has fully exhausted the administrative procedures available to him at the DOC for each of his claims.

**Preliminary Injunction**

I. <u>Standard</u>

To obtain preliminary injunctive relief, a movant "'must establish that he is likely to succeed on the merits," of his underlying claims, "that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Glossip v. Gross, 576 U.S. 863, 876 (2015) (citation omitted). The likelihood of success and irreparable harm are the factors that weigh most heavily in the analysis. See Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006); see also Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011).

"'[P]erhaps the single most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered.'" Voice of the Arab World, 645 F.3d at 32 (quoting 11A C. Wright, A. Miller & M. Kane, <u>Federal Practice & Procedure</u> § 2948, at 129 (2d ed. 1995)). "A finding of irreparable harm must be grounded on something more than conjecture, surmise, or a party's unsubstantiated fears of what the future may have in store." <u>Charlesbank Equity Fund II, Ltd. P'ship v. Blinds To Go, Inc.</u>, 370 F.3d 151, 162 (1st Cir. 2004).

7

II.  Likelihood of Success on the Merits

As discussed above, Mr. Wescott's complaint makes clear that he failed to completely exhaust his administrative remedies prior to filing this action.  He therefore has failed to state any claim upon which relief might be granted and cannot demonstrate that he is likely to succeed on the merits of his claims in this lawsuit.  See Green Haven Prison Preparative Meeting of Religious Soc'y of Friends v. N.Y. State Dep't of Corr. & Cmty. Supervision, Docket No. 20-18-pr, 2021 U.S. App. LEXIS 31091, at *23-*30, 2021 WL 4824127, at *8-*10 (Oct. 18, 2021) (claims for preliminary injunctive relief were properly denied where plaintiffs were unable to demonstrate likelihood of success on the merits of their claims, in part because they failed to exhaust their administrative remedies or demonstrate that they qualified for exception to the exhaustion requirement).

III. Irreparable Harm

Even if Mr. Wescott were able to demonstrate that he was likely to succeed on the merits of any of his claims, he has failed to assert sufficient facts to demonstrate that he will be irreparably harmed if the court denies his request for a preliminary injunction.  Mr. Wescott alleges that he will suffer

irreparable harm if he is removed from the SPU, as he believes such a transfer will place him at high risk of committing suicide. Assuming Dr. Martin did state, as Mr. Wescott was told, that he does not need to be in the SPU if he is well enough to litigate this case, the complaint does not contain any facts to demonstrate that he is actually at any imminent risk of such transfer. Mr. Wescott alleges that his current mental health care provider, Dr. Knight, is not going to have him transferred out of the SPU, and that Dr. Knight has responded to Mr. Wescott's transfer concerns by assuring him that he will not be transferred out of the unit. While Mr. Wescott fears Dr. Martin may exercise her authority to change his provider, he has not asserted facts to indicate that she has taken any step, or actually intends, to do so.

Mr. Wescott has therefore failed to demonstrate that he is in any immediate danger of irreparable harm if the court denies his request for an injunction. Accordingly, as Mr. Wescott has demonstrated neither a likelihood of success on the merits nor irreparable harm in the absence of injunctive relief, the District Judge should deny his request for a preliminary injunction.

## Conclusion

For the foregoing reasons, the District Judge should deny Mr. Wescott's request for preliminary injunctive relief and dismiss the complaint, without prejudice to Mr. Wescott's ability to file a new complaint after he completes the process of exhausting his available DOC administrative remedies. Any objections to this R&R must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to this R&R within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

November 9, 2021

cc:   Richard R. Wescott, pro se